United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CORDERO,
Plaintiff,

v.

NORDSTROM INC.,
Defendant.

Case No. 26-cv-03621-PCP

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

Re: Dkt. No. 6

In this putative class action, plaintiff Jose Cordero sues defendant Nordstrom Inc. for alleged violations of California labor law. Dkt. No. 1-1. Nordstrom now moves to dismiss Cordero's complaint under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue, arguing that venue is improper in the Northern District of California because all of the events in Cordero's complaint occurred in the Central District of California and because Cordero is purportedly subject to a valid forum selection clause. Dkt. No. 6. Cordero does not oppose transfer but opposes dismissal. Dkt. No. 15.

The Court is skeptical of Nordstrom's venue arguments. While Nordstrom relies upon the general venue statute, 28 U.S.C. § 1391, this matter was filed in state court and then removed by Nordstrom to this Court. The venue for such removed cases is governed not by § 1391 but by 28 U.S.C. § 1441(a), which provides that the state court lawsuit shall be removed "to the district court of the United States for the district and division embracing the place where such action is pending." Nor has Nordstrom demonstrated a reason why Cordero's initial choice to file suit in Santa Clara County Superior Court violated the generous venue provisions applicable in California state court. *See* Cal. Code Civ. Proc. § 392 *et seq.* Indeed, Nordstrom did not even cite those provisions of state law in its motion. And while Nordstrom contends that its purported arbitration agreement requiring arbitration in San Bernardino County is the equivalent of a forum

selection clause, its argument is premised upon the provision of the Federal Arbitration Act governing petitions to compel arbitration. *See* 9 U.S.C. § 4 (providing that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition [a] United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement"). Nordstrom did not file this lawsuit in order to compel Cordero to arbitration, and Nordstrom has not yet filed a petition to compel arbitration. And even if Nordstrom is correct that Cordero's suit is subject to a valid arbitration agreement, this court could enforce that agreement by issuing a stay pursuant to 9 U.S.C. § 3 even if it would not have the power to issue compel arbitration outside the district under 9 U.S.C. § 4.[1]

Nonetheless, given that all of the conduct at issue here took place in Ontario, California, which is located in the Central District of California, Nordstrom's arguments for transfer are more compelling. Indeed, Cordero does not oppose the motion to transfer. Based on Cordero's non-opposition and because this matter arose in the Central District, the Court transfers this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: June 24, 2026

P. Casey Pitts
United States District Judge

[1] Indeed, in the Court's experience, defendants generally welcome having the matter stayed pending arbitration and refrain from moving to have the plaintiff held in contempt even if the plaintiff takes no steps to initiate arbitration following the issuance of an order enforcing the arbitration agreement.